**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-30067 |
| Plaintiff-Appellee, | D.C. No.<br>3:13-cr-00092-RRB-2 |
| v. | |
| PHOSAVAN KHAMNIVONG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 10, 2022[**]
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Phosavan Khamnivong appeals the district court's order sentencing him to

720 months of imprisonment followed by ten years of supervised release.  We

review the "district court's interpretations of the federal Sentencing Guidelines de

novo, its factual determinations for clear error, and its application of the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sentencing Guidelines to the facts as it has found them for abuse of discretion." *United States v. Rising Sun*, 522 F.3d 989, 993 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court did not violate Khamnivong's right to a jury trial by applying sentencing guideline enhancements based on judge-found facts. As Khamnivong acknowledges, we have held in the sentencing context that "judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial" so long as the facts do not increase the defendant's statutory maximum sentence. *United States v. Treadwell*, 593 F.3d 990, 1017 (9th Cir. 2010), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020). Contrary to Khamnivong's contentions, *Treadwell* controls because it is not "clearly irreconcilable" with intervening higher authority. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Assuming without deciding that the district court erred in applying a two-level dangerous weapon enhancement and a two-level threat enhancement, any error was harmless because it did not alter Khamnivong's recommended guideline range under the Sentencing Guidelines. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009).

**AFFIRMED.**